**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **SANDRA C.K. VAN ORNUM,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **vs.** | **Case No.  2:13cv671** |
| **U.S. DEPARTMENT OF HEALTH and HUMAN SERVICES, HAWAII PACIFIC HEALTH, KUAKINI HEALTH, and WILLIAM GOODHUE, JR.,** | **District Judge Clark Waddoups** |
| | **Magistrate Judge Dustin B. Pead** |
| **Defendants.** | |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark Waddoups pursuant to 28 U.S.C. § 636(b)(1)(B) (Dkt. No. 4).   Currently before the court, is Plaintiff Sandra C.K. Van Ornum's ("Plaintiff") "Motion For Service Of Process" filed pursuant to Federal Rule of Civil Procedure 4(c)(3) (Dkt. No. 2).  In her motion, Plaintiff asks the Court to direct the United States Marshal's Service ("USMS") to serve all named Defendants on her behalf.

Pursuant to Rule 4(c)(3),

At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court.  The Court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Here, having paid the filing fee, Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, and has not alleged that she is a seaman under 28 U.S.C. § 1916. As a result, the Court's decision as to whether to order the USMS to serve the summons and complaint is discretionary. *See, York v. Fed. Bureau of Prisons,* 2008 U.S. Dist. LEXIS 45631, *4 (D. Colo. June 11, 2008); *Bax v. Executive Office For U.S. Attorneys*, 2003 U.S. Dist. LEXIS 9718 (D.D.C. June 12, 2003).

In an attempt to avoid placing an undue burden on the USMS by requiring them to serve summons and complaints in private civil actions, courts have held that Plaintiff should "first 'seek service by private means whenever feasible rather than impose the burden on the Marshal's Service.'" *York* at *4 (citing, *Advisory Committee Notes* for Fed. R. Civ. P. 4); *see also Bax* at **2 ("courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4."); *Wright v. Young,* 2011 U.S. Dist. LEXIS 110053 (N.D. Fla. September 26, 2011); *Jones v. Goodman,* 1992 U.S. Dist LEXIS 11152 (E.D. Pa. July 21, 1992) ("before this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service. . . .)."

Here, Plaintiff has not identified any specific reason for requesting service by the USMS and does not demonstrate any prior efforts, on her part, to effect service. Accordingly, the Court hereby **DENIES** Plaintiff's Motion For Service **without prejudice** (Dkt. No. 2). Plaintiff may re-file her motion upon a showing that her own attempts to serve the Defendants, through a means provided by under the Federal Rules, were unsuccessful.

**IT IS SO ORDERED**.

DATED this 12th day of August, 2013.

_____
Dustin B. Pead
United States Magistrate Judge