IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SANDRA C.K. VAN ORNUM,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| vs. | Case No.  2:13-cv-671 |
| **U.S. DEPARTMENT OF HEALTH and HUMAN SERVICES, HAWAII PACIFIC HEALTH, KUAKINI HEALTH, and WILLIAM GOODHUE, JR.,** | District Judge Clark Waddoups  Magistrate Judge Dustin B. Pead |
| **Defendants.** | |

This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark Waddoups pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 4).  Currently before the Court is Plaintiff Sandra C.K. Van Ornum's ("Plaintiff") "Motion For Mandatory Extended Service Of Process" seeking an extension of time within which to serve her complaint on Defendants U.S. Department of Health and Human Services, Hawaii Pacific Health, Kuakini Health and William Goodhue, Jr. ("Defendants") (doc. 9).

Although somewhat unclear Plaintiff appears to assert that, pursuant to 28 U.S.C. §2675(a), she is awaiting the Department of Health and Human Services final administrative disposition of her claims before serving the Defendants in this action (doc. 9).  Plaintiff represents that she filed her administrative claims with the Department on "July 22, and [her] SF

form [was] dated August 27, 2013" and that there is a "mandatory six months [sic] waiting period" within which to make a final disposition. Id.

Pursuant to Federal Rule of Civil Procedure 4(m),[1]

> If a defendant is not served within 120 days after the complaint is filed, the court--- on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff's complaint was filed on July 19, 2013, and therefore, under the 120 day provision of Rule 4, service was to have been completed by November 20, 2013 (doc. 1).[2] Rule 4, however, permits an extension of the 120 day period based upon "good cause".

Accepting Plaintiff's assertion that the administrative action could take up to six months from the date of her claim, the Court hereby finds good cause to grant Plaintiff a limited extension. Accordingly, Plaintiff shall have until January 29, 2014—approximately six months from the date of filing her July 22, 2013 administrative claim,—to serve Defendants. Failure to effect service by such date shall result in the Court's immediate dismissal of the complaint.

---

[1] Although Plaintiff brings her "Motion For Mandatory Extended Service Of Process" pursuant to Federal Rule of Civil Procedure 6, the Court concludes that the time limits for service are governed by Federal Rule of Civil Procedure 4. While Rule 6 generally addresses computations and extensions of time, Rule 4 specifically addresses time frames relevant to the service of process. See Fed. R. Civ. P. 4 and 6.

[2] This date contemplates the extension of time pursuant to Federal Rules of Civil Procedure 6(a)(1) and 6(d).

**IT IS SO ORDERED**.

DATED this 21st day of November, 2013.

_____
Dustin B. Pead
United States Magistrate Judge