IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SANDRA C.K. VAN ORNUM,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HEALTH and HUMAN SERVICES, HAWAII PACIFIC HEALTH, KUAKINI HEALTH, and WILLIAM GOODHUE, JR.,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:13-cv-671<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

　　　　This matter was referred to Magistrate Judge Dustin Pead by District Judge Clark Waddoups pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 4).

　　　　Pursuant to Federal Rule of Civil Procedure 4(m), this Court previously granted Plaintiff Sandra C.K. Van Ornum ("Plaintiff") two separate extensions of time within which to serve her Complaint on Defendants U.S. Department of Health and Human Services, Hawaii Pacific Health, Kuakini Health and William Goodhue, Jr. (collectively "Defendants").[1]  First, on November 21, 2013, the Court granted Plaintiff's request, giving her until January 29, 2014, to

---

[1] Pursuant to Federal Rule of Civil Procedure 4(m), "If a defendant is not served within 120 days after the complaint is filed, the court— on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

serve Defendants (doc. 10).  Then, on January 8, 2014, the Court granted Plaintiff's second request, giving Plaintiff until February 27, 2014, to effect service (doc. 12).

Now, currently before the Court is Plaintiff's third request for an extension entitled "Motion For Extention [sic] Of Time Compliant With Exhaustion Of Administration Remedies Prerequiste [sic]" (doc. 14).  In her motion, Plaintiff asks "that the Court's order dated on January 8, 2014 to be reconsidered so claimant is able to file a written request with the agency for reconsideration of the final determination . . . ."  (doc 14, p.15).

Upon consideration, the Court hereby denies Plaintiff's motion (doc. 14).  As stated, the Court granted Plaintiff two prior extensions.  Furthermore, in its January 8, 2014, Order the Court warned that no further extensions would be given and that a failure to serve the Defendants by the designated date "shall result in the Court's immediate dismissal of the complaint" (doc.12).

Accordingly, Plaintiff's "Motion For Extention [sic] Of Time Compliant With Exhaustion Of Administration Remedies Prerequiste [sic]" is hereby DENIED (doc 14).   As set forth in the Court's previous Order, Plaintiff shall have until February 27, 2014, to serve Defendants.

**IT IS SO ORDERED**.

DATED this 19th day of February, 2014.

_____
Dustin B. Pead
United States Magistrate Judge